UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN RAW-SHIELD HILL,

      Plaintiff,

v.                              Case No. 3:25-cv-1004-MMH-MCR

NURSE PRACTITIONER JESSICA
PUTNEY, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Jonathan Raw-Shield Hill, an inmate of the Florida Department of Corrections (FDOC), is proceeding on a pro se Third Amended Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (TAC; Doc. 35), filed pursuant to the Court's December 22, 2025 Order (Doc. 33).[1] In the TAC, Plaintiff names the following individuals as Defendants: (1) Nurse Practitioner Jessica Putney (Putney); (2) Licensed Practical Nurse Gloria Walden (Walden); (3) Sergeant William Woods (Woods); (4) Sergeant M. Ivey (Ivey); and (5)

---

[1] In the Order, the Court struck the Second Amended Complaint and gave Plaintiff "one final opportunity to file a complaint that complies with federal pleading standards," as thoroughly explained in an earlier Order (Doc. 20). See Doc. 33 at 2. The Court cautioned Plaintiff that failure to comply with the December 22, 2025 Order could result in the dismissal of this case. Id. at 3.

Assistant Warden Kevin M. Tomlinson (Tomlinson).[2] Doc. 35 at 1–5. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights during his incarceration at Union Correctional Institution based on events that took place on November 2, 2023, May 2, 2024, and November 7, 2024. Id. at 4, 6, 9.

Although the allegations are not entirely clear, Plaintiff appears to allege that in retaliation for writing grievances on Ivey, Putney conspired with Walden, Woods, and Ivey[3] to kill Plaintiff by prescribing a higher dosage of Lisinopril (medication for high blood pressure), without first checking Plaintiff's blood pressure, on one or more of the dates identified in the TAC. Id. at 6–8. Plaintiff claims that the higher dosage resulted in kidney failure, weakness, dizziness, dehydration, shortness of breath, headaches, muscle aches, and lack of erection. Id. at 7–8. According to Plaintiff, he should not have received this medication at all because he does not have high blood pressure, which Putney allegedly confirmed at his appointment on November 7, 2024. Id. at 7. As relief, Plaintiff requests that Defendants be terminated, and that

---

[2] Plaintiff does not specify in what capacity he is suing each Defendant except for Woods, Ivey, and Tomlinson, all of whom are sued in their official capacities. See Doc. 35 at 3–5.

[3] Plaintiff alleges that the conspiracy involved four Defendants, but it is unclear whether the fourth one was Ivey or Tomlinson. See Doc. 35 at 8. Plaintiff also alleges that Ivey and Tomlinson are liable due to their supervisory positions, and that Tomlinson was aware of the violations through his involvement in the grievance process. Id. at 8–9.

Plaintiff be awarded damages in the amount of $500,000, and placed in a protected management unit. Id. at 9.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[4] See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[5] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal

---

[4] Plaintiff proceeds as a pauper. See Order (Doc. 11).

[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Twombly</u>, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (alternation and internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."

Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citation omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

In assessing the TAC, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of

5

Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[6] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Pursuant to the Court's screening obligation under the PLRA, the Court will dismiss Plaintiff's TAC for failure to state a claim. The Court previously afforded Plaintiff an opportunity to amend, and in doing so, explained in relevant part that Plaintiff's conspiracy allegations were conclusory and his monetary claims against the FDOC Defendants in their official capacities were precluded by sovereign immunity. See Docs. 20, 33. Construed liberally, the TAC still offers nothing more than conclusory allegations that Defendants conspired to kill Plaintiff by changing the dosage of his blood pressure medication. See Doc. 35 at 6–8. Plaintiff does not state a plausible claim for relief. To state a claim for conspiracy under § 1983, a plaintiff must allege that defendants "reached an understanding" to violate his constitutional rights. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). "[T]he linchpin for conspiracy is agreement, which presupposes communication."

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

6

Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "It is not enough to simply aver in the complaint that a conspiracy existed." Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 840 (11th Cir. 2014) (quoting Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)).

Further, to the extent Plaintiff attempts to bring a retaliation claim against those Defendants who allegedly participated in the conspiracy, the retaliation claim also fails. "The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted). It is firmly established that "an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). Further, it is firmly established that an inmate may pursue a cause of action against a prison official who retaliated against him for engaging in that protected speech. Id.

> To establish a retaliation claim, a prisoner must demonstrate "that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal quotation marks and citation omitted). [A plaintiff] can prevail on a retaliation claim if "(1) his speech was

> constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276.

Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023) (internal citation modified). As to the third prong, a plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to establish the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted). "In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." Jemison v. Wise, 386 F. App'x 961, 965 (11th Cir. 2010) (per curiam) (citation omitted). Plaintiff does not include any well-pled allegations of fact to suggest that the subject Defendants' actions constitute retaliation for his constitutionally-protected speech. His assertions that Putney changed the dosage of his medication in retaliation for his use of the grievance procedure against Ivey without more are insufficient to state a retaliation claim.

Additionally, to the extent Plaintiff attempts to hold Ivey and Tomlinson liable based on their supervisory positions,[7] liability under § 1983 may not be

---

[7] Although the TAC indicates that Plaintiff sues Ivey and Tomlinson solely in their official capacities, Plaintiff explains that he made a guess when he checked the

8

premised on a theory of vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall, 610 F.3d at 709; see also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." Id.[8] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." Piazza,[9] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." Id. (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. Id. at 957-58.

---

box for official capacity, and does not understand the difference between official and individual capacity claims. Doc. 35 at 4–5.

[8] Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999).

[9] Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022). Plaintiff's allegations with respect to Ivey and Tomlinson are too general and conclusory to state a § 1983 claim based on their supervisory conduct. See Doc. 35 at 8. To the extent Plaintiff alleges that Tomlinson was aware of the violations through his role in the grievance process, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013)[10] (collecting cases).

Finally, to the extent Plaintiff sues Woods, Ivey, and Tomlinson in their official capacities, the Court previously cautioned Plaintiff that sovereign immunity bars his claims for monetary damages against the FDOC Defendants in their official capacities. See Doc. 20 at 3–4; Zatler, 802 F.2d at 400. Therefore, Plaintiff's official-capacity claims for monetary damages against these Defendants must be dismissed as barred by the Eleventh Amendment. Based on the foregoing, Plaintiff fails to "state a claim to relief that is plausible

---

[10] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

on its face," and his TAC will be dismissed without prejudice under the PLRA.

Iqbal, 556 U.S. at 678.

Therefore, it is now **ORDERED:**

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of April, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11
c:    Jonathan Raw-Shield Hill, #Y31202

11